[907 NYS2d 860]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v DARRELL SMITH, Defendant.

Supreme Court, Kings County, September 27, 2010

## APPEARANCES OF COUNSEL

*Charles J. Hynes, District Attorney*, Brooklyn (*Stephanie Fritts* of counsel), for plaintiff. *Legal Aid Society*, Brooklyn (*Paul Liu* of counsel), for defendant.

## OPINION OF THE COURT

MATTHEW J. D'EMIC, J.

In this domestic violence prosecution, defendant stands indicted for, among other things, burglary, assault and criminal contempt involving alleged assaults on his girlfriend at her home in violation of an order of protection.

The People now allege that the complainant has had a change of heart and is refusing to cooperate with the prosecution as a result of over 300 telephone calls placed to her by the defendant from jail. Because of this the People move to introduce the complainant's grand jury testimony on their direct case. A *Sirois* hearing was held in order to determine whether such an order is warranted.

The Constitution guarantees to every citizen accused of a crime the right to confront the witnesses against him, which of necessity, includes the right to cross-examination (US Const 6th Amend). In fact, cross-examination has been described as "the principal means by which the believability of a witness and the truth of his testimony are tested" (*Davis v Alaska*, 415 US 308, 316 [1974]), and that restrictions on the right to cross-examine "can deprive a defendant of an important means of combating inculpatory testimony or at least demonstrating the existence of reasonable doubt as to guilt" (*People v Montoya*, 63 AD3d 961, 964 [2009]).

Nevertheless, the law recognizes that when an accused procures the silence of a witness against him, he should not be permitted to gain from his wrong. Thus, if other competent testimony of the witness exists, it may be used to balance the wrongful action of the defendant who forfeits his right by his own conduct (*Reynolds v United States*, 98 US 145 [1879]).

In *Davis v Washington* (547 US 813 [2006]) and its companion cases, the Supreme Court substantially strengthened the right of an accused to confront the witnesses against him, holding a witness's testimonial statements are only admissible where the declarant is unavailable and the accused had an opportunity to cross-examine. It is instructive to the inquiry at hand, however, that in doing so, the Court expressly acknowledged the continuing viability of the doctrine of forfeiture by wrongdoing:

> "But when defendants seek to undermine the judicial process by procuring or coercing silence from witnesses and victims, the Sixth Amendment does not require courts to acquiesce. While defendants have no duty to assist the State in proving their guilt, they *do* have the duty to refrain from acting in ways to destroy the integrity of the criminal-trial

> system . . . That is, one who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation." (*Id.* at 833.)

In this case the defense argues that the recorded conversations contain no threats of harm or efforts at intimidation sufficient to prove defendant's intent to silence the witness. Although that is certainly the tenor of the calls, it is not only outright threats that can demonstrate the intent to stay a witness's cooperation, but "persuasion and control by a defendant" (*People v Melchor*, 362 Ill App 3d 335, 346, 841 NE2d 420, 429 [2005]), "coercion, undue influence, or pressure" (*United States v Scott*, 284 F3d 758, 764 [2002]; *Steele v Taylor*, 684 F2d 1193 [1982]) and repeated telephone calls (*People v Byrd*, 51 AD3d 267 [2008]).

The power, control, domination and coercion exercised in abusive relationships can be expressed in terms of violence, certainly, but just as real in repeated calls sounding expressions of love and concern. Orders of protection are therefore issued by courts as much to prevent assaults on the psyche of a vulnerable victim as to prevent assaults on her person.

In this case, the defendant, indicted for five separate incidents of domestic assault, called the victim over 300 times in violation of a court order. This onslaught of attention cannot be viewed in a vacuum, but should be understood in relation to the surrounding circumstances. The court has been shown, by clear and convincing evidence, that the wrongdoing of the defendant has caused the victim to stop cooperating with the prosecution. Thus, in the event she fails to testify at trial, or her trial testimony is contrary to her grand jury testimony, the People shall be permitted to use the grand jury minutes as evidence on their direct case.